NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-601

ANNIE EDWARDS

VERSUS

DONALD P. BREAUX, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 79559 F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

AFFIRMED.

Reule P. Bourque
Attorney at Law
P. O. Box 127
Kaplan, LA 70548
(337) 643-8686
Counsel for Defendant/Appellant:
      Donald P. Breaux

Donald R. Dobbins
Attorney at Law
842 East Boulevard
Baton Rouge, LA 70802
(225) 387-6010
Counsel for Defendant/Appellant:
      Donald P. Breaux

**Rusty Galloway**
**Michael L. Barras**
**Galloway Jefcoat, L.L.P.**
**P. O. Box 61550**
**Lafayette, LA 70596-1550**
**(337) 984-8020**
**Counsel for Plaintiff/Appellee:**
**Annie Edwards**

**DECUIR, Judge.**

In this case, a landlord appeals a judgment of the trial court finding him liable for injuries sustained by his tenant.

## FACTS

Annie Edwards leased an apartment in Kaplan, Louisiana from Donald Breaux. Prior to the accident in this case, Edwards notified Breaux that there were loose ceiling tiles in the living room and bathroom of the apartment. On the day of the accident, Edwards was sitting on the toilet applying makeup when three to four ceiling tiles fell and struck her, causing immediate pain. Edwards is disabled and suffers from fibromyalgia, but she indicated that the pain was different than what she had experienced previously.

Edwards filed suit against Breaux seeking damages for her injuries. The trial court found for Edwards and awarded $13,212.08 in damages. Breaux lodged this appeal.

## NOTICE

Breaux contends that the trial court erred in failing to require Edwards to establish that he had actual or constructive notice of the alleged defect that caused her injury as required by Louisiana Civil Code article 2317.1. We disagree.

It is true that the trial court opined in its written reasons that he did not believe that actual or constructive notice was required due to the operation of La.Civ.Code. art. 2695. However, the court noted that neither party had raised the issue of the article's applicability and specifically stated, "Whether the plaintiff was required to do so, she has proven actual notice to the lessor." The trial court further stated that it based its determination that Edwards' testimony was more credible than Breaux's on the notice issue. Accordingly, this assignment has no merit.

## DAMAGES

Breaux does not assign as error the trial court's award of damages. However, he argues that the award is not supported by the record.

The standard for an appellate review of damages was established in *Reck v. Stevens*, 373 So.2d 498 (La.1979) and confirmed in *Youn v. Maritime Overseas, Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). An appellate court cannot disturb a trial court's award of damages unless we find that the award constitutes an abuse of the trial court's discretion.

Clearly given Edwards' preexisting conditions and the subjective nature of her complaints, the trial court was required to make a credibility determination in making its award. After reviewing the record, we find no abuse of discretion in this case.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Donald Breaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.